[Cite as *State v. Allison*, 2018-Ohio-3143.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J.<br>Hon. Patricia A. Delaney, J.<br>Hon. Earle E. Wise, Jr., J. |
| Plaintiff-Appellee | |
| -vs- | Case No. CT2017-0084 |
| LINWOOD E. ALLISON, JR. | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:            Criminal Appeal from the Court of Common
                                    Pleas, Case No.  CR2015-0255


JUDGMENT:                           Affirmed


DATE OF JUDGMENT ENTRY:             August 6, 2018


APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

D. MICHAEL HADDOX                           ERIC J. ALLEN
PROSECUTING ATTORNEY                        4605 Morse Road
GERALD V. ANDERSON II                       Suite 201
ASSISTANT PROSECUTOR                        Gahanna, Ohio  43230
27 North Fifth Street, P. O. Box 189
Zanesville, Ohio  43702-0189

*Wise, John, P. J.*

**{¶1}**   Defendant-appellant Linwood E. Allison, Jr. appeals his sentence on one count of theft entered in the Muskingum County Court of Common Pleas following a trial to the court.

**{¶2}**   Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

**{¶3}**   The relevant facts and procedural history are as follows:

**{¶4}**   On August 1, 2015, Brandon D. Ogden stole two Rolex watches from Dunkin Diamonds in Zanesville, Ohio. During the theft, Appellant Linwood E. Allison, Jr. is seen on surveillance video distracting a store employee in an attempt to aid Mr. Ogden.

**{¶5}**   On August 2, 2015, within 24 hours of the theft, Appellant pawned one of the two stolen watches for $5,000.00 at Lev's Pawn Shop in Columbus, Ohio. A few hours later, Mr. Ogden went to the same pawn shop and sold the second stolen Rolex watch. Appellant, Linwood E. Allison, Jr., was indicted on August 26, 2015, on one count of Theft, a felony of the fourth degree, in violation of R.C. §2913.02(A)(1).

**{¶6}**   On September 5, 2017, Appellant waived his right to a jury trial.

**{¶7}**   On September 14, 2017, a bench trial was held wherein the court heard testimony from store employees that Appellant and Mr. Ogden had been to the store on prior occasions and had looked at and held the most expensive of the watches taken, valued at $13,995. An employee also testified Appellant was very knowledgeable about Rolex watches.

**{¶8}**   On September 25, 2017, the trial court filed Findings of Fact and Verdict, finding Appellant guilty of theft, a felony of the fourth-degree.

{¶9}   By Judgment Entry filed September 26, 2017, the trial court found Appellant guilty of the one count of Theft, in violation of R.C. §2913.02(A)(1), a felony of the fourth degree, and ordering a pre-sentence investigation.

{¶10} On October 25, 2017, Defendant was sentenced to a prison term of eighteen (18) months and was ordered to pay restitution to Lev's Pawn Shop.

{¶11}  Appellant now appeals, raising the following assignment of error on appeal:

### ASSIGNMENT OF ERROR

{¶12} "I. THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO THE MAXIMUN SENTENCE WITHOUT MAKING THE APPROPRIATE FINDINGS."

**I.**

{¶13}  Appellant argues the trial court erred in imposing a maximum sentence in this case. We disagree.

{¶14}  Revised Code §2953.08 governs appeals based on felony sentencing guidelines. *State v. Marcum,* 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231. Subsection (G)(2) sets forth this Court's standard of review as follows:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶15}  The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

**{¶16}** "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

**{¶17}** " 'An appellate court will not find a sentence clearly and convincingly contrary to law where the trial court considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post-release control, and sentences the defendant within the permissible statutory range.' " *State v. Garrison,* 5th Dist. Muskingum No. CT2017–0018, 2018–Ohio–463, ¶ 47, quoting *State v. Ahlers*, 12th Dist. Butler No. CA2015–06–100, 2016–Ohio–2890, ¶ 8.

**{¶18}** As noted by this Court in *State v. Taylor,* 5th Dist. Richland No. 17CA29, 2017–Ohio–8996, ¶ 16:

A trial court's imposition of a maximum prison term for a felony conviction is not contrary to law as long as the sentence is within the statutory range for the offense, and the court considers both the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the

seriousness and recidivism factors set forth [in] R.C. 2929.12. *State v. Keith,*

8th Dist. Cuyahoga Nos. 103413 and 103414, 2016–Ohio–5234, ¶ 10, 16.

**{¶19}** "Trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *State v. Foster,* 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470, paragraph seven of the syllabus; *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, ¶ 11.

**{¶20}** Here, the trial court sentenced appellant to eighteen months on a felony of the fourth degree. Felonies of the fourth degree are punishable by "six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." R.C. §2929.14(A)(4). Clearly the sentence is within the statutory range.

**{¶21}** R.C. §2929.11 governs the overriding purposes of felony sentencing. Subsection (A) states the following:

> A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

**{¶22}** R.C. §2929.12 sets forth the seriousness and recidivism factors for a trial court to consider in determining the most effective way to comply with the purposes and principles of sentencing pursuant to R.C. §2929.11. The statute provides a long list of factors, including any other relevant factors, a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

**{¶23}** In considering these factors, "[t]he trial court has no obligation to state reasons to support its findings. Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *State v. Wilson,* 5th Dist. Richland No. 17CA31, 2018–Ohio–396, ¶ 61; *State v. Bell,* 5th Dist. Muskingum No. CT2016–0050, 2017–Ohio–2621, ¶ 40.

**{¶24}** In the case *sub judice*, at trial, the court heard testimony from the pawn shop owner and the Dunkin Diamonds store employees. The trial court also had before it the surveillance video which showed Appellant in the store with the co-defendant.

**{¶25}** At the sentencing hearing, the State of Ohio requested imposition of a maximum sentence of eighteen months in this case. (Sent. T. at 3-4). The trial court, in imposing the maximum sentence, stated that it had reviewed the pre-sentence investigation, that it took into consideration Appellant's extensive criminal history and that at the time of the instant offense, Appellant had outstanding warrants for his arrest in Georgia, North Carolina and three different counties in Ohio. (Sent. T. at 6). The trial court also considered that Appellant was out on bond on other cases when he committed the

instant offense. *Id.* The trial court found, based on the record before him, that Appellant was likely to re-offend. (Sent. T. at 7).

**{¶26}** The trial court sentenced appellant as follows (T. at 7):

Therefore, upon review of your history and the facts of this case, the Court will impose an 18-month sentence on the felony of the fourth degree. The Court will order that you're given 121 days credit towards that sentence. The Court will also order that you pay court costs in this matter and pay restitution in the amount of $5,000.

**{¶27}** In the sentencing entry, the trial court noted it "considered the record, all statements, any victim impact statement, the plea recommendation in this matter, as well as the principles and purposes of sentencing under R.C. §2929.11, and its balance of seriousness and recidivism factors in R.C. §2929.12."

**{¶28}** Upon review, we find the sentence imposed is not clearly and convincingly contrary to law. The sentence is within the statutory range for a felony of the fourth degree, and the trial court considered the R.C. §2929.11 and §2929.12 factors and properly imposed post-release control.

**{¶29}**  Appellant's sole assignment of error is overruled.

**{¶30}**  Accordingly, the judgment of the Muskingum County Common Pleas Court is affirmed.

By: Wise, John, P. J.

Delaney, J., and

Wise, Earle, J. concur.

.

JWW/d 0730